UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:24-cr-237-SDM-AAS

HEATHER DARREY  18 U.S.C. § 1343

MAY 24 2024 PM 1:55
FILED - USDC - FLMD - TPA

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Wire Fraud)

**A.  Introduction**

At all times material to this Information:

1. Church #1 was a religious institution that operated a church and a school located in Tampa, Florida, in the Middle District of Florida. Church #1 maintained a business bank account at Financial Institution #1.

2. Heather DARREY, a resident of Tampa, Florida, was employed by Church #1 as the Records and Finance Manager. Her duties included, but were not limited to, the payment of invoices by generating printed bank checks, presenting the printed bank checks for signature to authorized account signatories, mailing bank checks for payment, and inputting payments in Church #1's accounting software system. DARREY used her position of employment to perpetrate a fraud scheme for

her personal enrichment and that of others. DARREY maintained a personal bank account at Financial Institution #2.

3. Financial Institution #1, headquartered in Tampa, Florida, was a financial institution with computer servers in the State of Florida that processed financial transactions through interstate wires.

4. Financial Institution #2, headquartered in Charlotte, North Carolina, was a financial institution with computer servers used for processing financial transactions located outside the State of Florida.

### B. Scheme and Artifice

5. Beginning in or about October 2023, and continuing through in or about March 2024, in the Middle District of Florida, and elsewhere, the defendant,

HEATHER DARREY,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises relating to material facts.

### C. Manner and Means

6. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

a. It was part of the scheme and artifice that the defendant would and did input data from invoices in to Church #1's accounting software system to prepare payments to vendors that had rendered services to Church #1.

2

b.     It was further part of the scheme and artifice that the defendant would and did use Church #1's accounting software system to generate printed bank checks in amounts owed to the vendors based upon the invoices received by Church #1.

c.     It was further part of the scheme and artifice that the defendant would and did present the printed bank checks to signatories on Church #1's bank account for authorization and signature.

d.     It was further part of the scheme and artifice that after getting the printed bank checks signed, the defendant would and did destroy the checks and prepare new handwritten bank checks in the same amounts as the legitimate ones but made payable to the defendant's personal accounts or creditors.

e.     It was further part of the scheme and artifice that the defendant would and did mail or hand deliver the handwritten checks to her banks or creditors as determined by the defendant.

f.     It was further part of the scheme and artifice that the defendant would and did input false and fraudulent data into Church #1's accounting software system to make it appear that she had mailed the printed bank checks approved to be issued to Church's #1's vendors.

g.     It was further part of the scheme and artifice that the defendant would and did use, and cause to be used, the proceeds of the forged handwritten checks for her own personal enrichment and the enrichment of others.

3

  h. It was further part of the scheme and artifice that the defendant would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the scheme and artifice and the acts performed in furtherance thereof.

  **D.** **Execution of the Scheme and Artifice**

  7. On or about the date set forth below in the Middle District of Florida and elsewhere, the defendant,

HEATHER DARREY,

knowingly and intentionally executed the aforesaid scheme and artifice by transmitting and causing to be transmitted by means of wire and radio communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds as set forth below:

| DATE OF OFFENSE (on or about) | DESCRIPTION OF WIRE TRANSFER |
|---|---|
| October 19, 2023 | Defendant caused Financial Institution #1 to transfer, via interstate wire communication, $29,474.12 from Financial Institution #1's bank account in the name of Church #1 to Financial Institution #2's account in the name of the defendant. |

In violation of 18 U.S.C. § 1343.

## FORFEITURE

1.    The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. § 1343, the defendant,

HEATHER DARREY,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violation.

3.    The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of at least $775,196.90, which represents the proceeds the defendant obtained as a result of the commission of the offense.

4.    If any of the property described above, as a result of any acts or omissions of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: _____
Gregory D. Pizzo
Assistant United States Attorney

By: _____
Rachelle DesVaux Bedke
Assistant United States Attorney
Chief, Economic Crimes Section